IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:18-cr-263** |
| | : | |
| v. | : | |
| | : | |
| **DAMON TODD CAREY** | : | Judge Sylvia H. Rambo |

## MEMORANDUM

Presently before the court is a report and recommendation ("R&R") by Magistrate Judge Carlson (Doc. 139) addressing Defendant Damon Todd Carey's ("Defendant") Motion to Reconsider Suppression Issues Based on Recently Received Metadata Evidence (Doc. 110). In the motion, Defendant relies on metadata evidence associated with police photographs taken inside his home which reveal that the photographs were taken shortly before a search warrant for the home was issued. After an evidentiary hearing on the matter, Magistrate Judge Carlson issued the R&R in which he recommends that the photographs taken inside Defendant's home, which were admittedly taken prior to the issuance of the search warrant, be suppressed. However, Magistrate Judge Carlson also recommends that the court deny the defendant's motion to suppress the remaining evidence seized by the police pursuant to the search warrant. Further, he recommends that the limited grounds for reconsideration cited by Defendant in his motion do not provide any justification for reconsidering other aspects of this court's ruling. Defendant timely

filed objections to the R&R. (Doc. 148.) For the reasons that follow, the court will overrule the objections and adopt the R&R in its entirety.

## I. Standard of Review

The Federal Magistrate Act authorizes a district judge to refer a pretrial motion—including a motion to suppress—to a magistrate judge to hold a hearing and to prepare and submit an R&R for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). If an objection is filed to the R&R, the court must conduct a *de novo* review of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). Although a *de novo* review does not require the court to rehear witnesses whose testimony has been evaluated by the magistrate judge, it does require the court to independently consider factual issues based on the record. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. Fed. R. Crim. P. 59(b)(3). The court may receive further evidence, if desired. *Id.* However, an objection that does nothing more than state a disagreement with a magistrate judge's suggested resolution or merely restates the arguments previously presented is not an "objection" as that term is used in this context and is not entitled to *de novo* review.

## II.     **Objections**

Defendant has set forth the following eight objections to the R&R:

1) Magistrate Judge Carlson erred in limiting the reconsideration of Defendant's suppression issues to Investigator Lyda illegally and unconstitutionally taking photographs inside his home, when under the facts and circumstances of this case, the interests of justice require that all aspects of this court's original suppression ruling be reconsidered in light of the new evidence adduced at the supplemental suppression hearing.

2) Because Investigator Lyda entered the home to take photographs prior to the search warrant being issued, law enforcement's original entry into Defendant's home was illegal and unconstitutional and therefore all evidence subsequently discovered pursuant to the search warrant should be suppressed under the Fruit of the Poisonous Tree Doctrine.

3) Any statements or utterances made by Mikia Sloane should be suppressed because they were allegedly involuntary and the product of coercion or overstepping by the investigating officers.

4) Magistrate Judge Carlson erroneously concluded that the Independent Source Doctrine applies to Defendant's case and bars suppression of the evidence because the search warrant subsequently obtained and

> executed was in fact predicated on the prior police misconduct which cannot be so neatly separated from the application for the warrant.
>
> 5) The government failed to meet its burden of proving that the evidence seized from the trunk of Defendant's vehicle is admissible under the Inevitable Discovery Doctrine for the reasons argued at pages 13 through 27 of his brief to Magistrate Judge Carlson.
>
> 6) The government failed to meet its burden of establishing that the Inevitable Discovery Doctrine or "Good Faith" Exception apply in Defendant's case for the reasons argued at pages 27 through 37 of his brief to Magistrate Judge Carlson.
>
> 7) The government failed to meet its burden of establishing that the Independent Source Doctrine, as promulgated in *Murray v. United States*, 487 U.S. 533 (1988) applies in Defendant's case for the reasons argued at pages 37 through 57 of his brief to Magistrate Judge Carlson.
>
> 8) The search warrant could not be used as an independent source because it did not meet Fourth Amendment requirements and therefore was invalid.

(Doc. 148, pp. 3-9.)

### III. Discussion

In his objections, Defendant does not meaningfully challenge the magistrate judge's analysis or conclusions but instead merely restates the arguments he initially presented to the court. As such, Defendant's objections are not entitled to *de novo* review. Instead, the court will review the R&R for clear error.

The sole issue raised by the motion to reconsider that has not previously been addressed by the court is the legal significance of the fact that photographs were taken of the interior of Defendant's home without the benefit of a warrant. The magistrate judge reopened the evidentiary record to address this limited issue. Notably, the motion to reconsider did not provide any basis for challenging the district court's finding that the $79,320 located in Defendant's rental car would have been inevitably discovered pursuant to police impound procedures, since the vehicle search was entirely independent of the photographs taken inside the home. Likewise, nothing about the discrepancy in the time the photographs were taken changes the court's initial analysis regarding the minor scrivener's error on the warrant—a single digit error in the address of the home the officers had already secured.

As to the legal significance of the photographs being taken prior to the issuance of the warrant, the court will adopt the magistrate judge's well-reasoned analysis. The court agrees with the magistrate judge's conclusion that the photographs should be suppressed. It also agrees that, under the independent source

doctrine, the physical evidence which was subsequently seized pursuant to a valid warrant—one that made no mention of the photographed evidence—should not be suppressed.

## IV.    Conclusion

For these reasons, the court agrees with Magistrate Judge Carlson's statement of facts, application of the law and his well-reasoned conclusions. Accordingly, the court will overrule Defendant's objections and adopt the report and recommendation.

s/Sylvia H. Rambo
United States District Judge

Dated: October 15, 2020